IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF IOWA
WESTERN DIVISION

| | |
|---|---|
| JOHN & JIM, INC. and MID-AM RACING CORP., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| INSURANCE AUTO AUCTIONS CORP. also known as INSURANCE AUTO AUCTIONS, INC., | )<br>)<br>)<br>) |
| Defendant. | )<br>)<br>) |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, under 28 U.S.C. §§ 1441 and 1446, Defendant INSURANCE AUTO AUCTIONS CORP. ("Defendant"), removes the action captioned *John & Jim, Inc. and Mid-Am Racing Corp., v. Insurance Auto Auctions Corp. also known as Insurance Auto Auctions, Inc.*, in the Iowa District for Mills County, (the "State Court Action") to the United States District Court for the Southern District of Iowa. The grounds for removal are as follows:

1. Plaintiffs John & Jim, Inc. and Mid-Am Racing Corp., ("Plaintiffs") commenced the State Court Action by filing an Original Notice and Petition on December 3, 2020. True and correct copies of the Original Notice, Petition, and other state court filings are attached as Exhibit A.

2. Defendant received a copy of the Original Notice and Petition on December 17, 2020.

3. The Original Notice and Petition are the only pleadings Plaintiffs have sent to Defendant.

4. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Defendant is filing it within 30 days after "receipt" of copies of the Original Notice and Petition.

5. The United States District Court for the Southern District of Iowa is the proper place to file this Notice of Removal because it is the federal district court that embraces the place where the State Court Action was filed and is pending.

## DIVERSITY JURISDICTION

6. This Court has diversity jurisdiction over this action under 28 U.S.C. § 1332.

7. Plaintiffs state in their Petition that John & Jim, Inc. is a Iowa corporation with its principal office in Council Bluffs, Iowa. Petition, ¶ 1. Mid-Am Racing Corp. is a Iowa corporation with its principal office in Pacific Junction, Iowa. Petition, ¶ 2. They are therefore citizens of the State of Iowa.

8. Insurance Auto Auctions Corp., is a Delaware corporation with its principal place of business in Illinois. Defendant is therefore a citizen of the States of Delaware and Illinois. Petition, ¶ 4.

9. Thus, there is complete diversity of citizenship between Plaintiffs and Defendant.

## AMOUNT IN CONTROVERSY EXCEEDING $75,000

10. This dispute involves a controversy that exceeds the value of $75,000, exclusive of interests and costs.

**A. The Pleaded Actual Damages are Sufficient to Satisfy the Amount In Controversy Requirement**

11. According to their Petition, Plaintiffs seek monetary damages for repair to their fifteen (15) acre racetrack and adjacent land, including a drag strip racing pit area, parking lot, sidewalks, and fencing, and for lost business income, lost business opportunities, lost rental

income, pre-judgment interest, post-judgment interest, attorneys' fees and costs, and punitive damages. Petition, ¶¶ 24, 29, 36, 46.

12. To meet their jurisdictional requirements pursuant to Iowa Rule of Civil Procedure 1.403(1), the Petition alleges that Plaintiffs' damages *exceed* $10,000 but does state the specific amount of money damages sought. Petition, ¶ 6.

13. When the petition/complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316, 1319 (11th Cir. 2001). The amount in controversy is measured "by the value to the plaintiff of the right sought to be enforced" when the amount is in question. *Am. Family Mut. Ins. V. Vein Ctrs. For Excellence, Inc.*, 912 F.3d 1076, 1081 (8th Cir. 2019).

14. Here, the Court may find that it is facially apparent from the Petition itself that the amount in controversy exceeds the amount in controversy requirement. Under a fair reading of the Petition, if Plaintiffs were to receive the relief they request, namely for the repair of a racetrack, adjacent land, drag strip, racing pit area, parking lot, sidewalks, fencing, and for lost business income, lost business opportunities, and lost rental income, the amount in controversy would clearly be met.

**B. There are also Sufficient Additional Facts to Satisfy the Amount In Controversy Requirement**

15. Pursuant to LR 81(a)(4), Defendant sets forth the following statement of facts supporting that the amount in controversy has been met in that the dispute involves a controversy that exceeds the value of $75,000, exclusive of interests and costs.

16. Plaintiffs have confirmed in "other paper" that the amount in controversy exceeds the value of $75,000, where they made a pre-suit demand of $1,000,000. *See, e.g., Cent. Iowa*

*Agri-Sys. v. Old Heritage Advert. & Publishers, Inc.*, 727 F. Supp. 1304, 1305 (S.D. Iowa 1989) (finding that plaintiff had plainly told defendant in writing before filing suit that plaintiff estimated its damages to be in an amount in excess of the amount required for immediate removal of the action to federal court and the plaintiff's pre-suit demand letter was an "other paper" under the meaning of Section 1446(b) from which it could reasonably "be ascertained" that the case was then removable to federal court); *LaPree v. Prudential Fin.*, 385 F. Supp. 2d 839, 850 (S.D. Iowa 2005) (holding that demand letters constituted "other paper" providing the necessary affirmative proof that the jurisdictional amount was satisfied in accordance with 28 U.S.C. § 1446(b)).

17. Additionally, Plaintiffs provided a pre-suit report purporting to evidence the amount of damages Plaintiffs claim is at issue in this litigation. For purposes of removal under 28 U.S.C. § 1446(b)(3) "other paper" may include such reports. *Hernandez v. Cooper Tire & Rubber Co.*, No. 12-1399-JWL, 2013 WL 141648, at *1 (D. Kan. Jan. 11, 2013); *Maxwell v. E-Z-Go*, 843 F. Supp. 2d 1209, 1216 (M.D. Ala. 2012). And while Defendant denies any liability, the report nonetheless demonstrates that Plaintiffs are claiming damages exceeding $75,000.

18. True and correct copies of Plaintiffs' demand of $1,000,000 and the damages report are attached to the declaration of Defendant's in-house litigation counsel, Jeffrey Cisowski, which is attached hereto as Exhibit B.

19. The district court has subject matter jurisdiction in a diversity case when a fact finder could legally conclude, from the pleadings and proof adduced to the court before trial, that the damages that the plaintiff suffered are greater than $75,000. *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002). Here, Defendant has met its burden of proving that Plaintiffs' allege damages greater than $75,000 and therefore the jurisdictional threshold is satisfied.

20. Accordingly, this Court therefore also has original jurisdiction over this action under 28 U.S.C. § 1332(a) because the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interests and costs.

## COMPLIANCE WITH REMOVAL PROCEDURES

21. A true copy of this Notice of Removal is being provided to Plaintiffs' counsel under 28 U.S.C. § 1446.

22. Under 28 U.S.C. §1446(d), a true copy of this Notice of Removal will be filed with the Office of the Clerk of the Court in Mills County, Iowa. A true and correct copy of the Notice of Filing Notice of Removal is attached as Exhibit C.

23. There are no motions pending in the State Court Action that will require resolution by the state court.

## RESERVATIONS

24. Defendant reserves the right to amend or supplement this Notice of Removal.

25. By removing this action, Defendant does not waive any defenses, objections, or motions available under state or federal law. Defendant expressly reserves the right to move for dismissal of some or all of Plaintiffs' claims or seek dismissal or transfer on grounds of lack of personal jurisdiction, improper venue, *forum non conveniens*, failure to state a claim, binding arbitration provision, or any other applicable grounds.

WHEREFORE, Defendant removes the State Court Action to the United States District Court for the Southern District of Iowa.

Dated: January 6, 2021

Respectfully submitted,

*/s/ Robert Livingston*
Robert M. Livingston, AT 0004728
Stuart Tinley Law Firm LLP
310 West Kanesville Boulevard
Second Floor, CenturyLink Building
Council Bluffs, Iowa 51503
Phone: (712) 322-4033
Fax: (712) 322-6243
robert.livingston@stuarttinley.com

*Attorney for Insurance Auto Auctions Corp. also Known As Insurance Auto Auctions, Inc.,*

## CERTIFICATE OF SERVICE

The undersigned certified that a true and correct copy of the foregoing document was served upon all counsel on January 6, 2021 via regular mail and email to:

Brian Nolan
Jacquline F. Tabke
Nolan, Olson & Stryker, P.C., L.L.O.
444 Regency Parkway Drive, Suite 109
Omaha, Nebraska 68114
P: 402.932.5126
bnolan@nolanolson.com
jtabke@nolanolson.com

*/s/ Robert Livingston*