IN THE IOWA DISTRICT COURT FOR MILLS COUNTY

| | |
|---|---|
| JOHN & JIM, INC. and MID-AM RACING CORP., | CASE NO. _____ |
| Plaintiffs, | |
| vs. | **ORIGINAL NOTICE** |
| INSURANCE AUTO AUCTIONS CORP. Also known as INSURANCE AUTO AUCTIONS, INC., | |
| Defendant. | |

TO THE ABOVE NAMED DEFENDANTS AND EACH OF THEM:

INSURANCE AUTO AUCTIONS CORP. a/k/a
INSURANCE AUTO AUCTIONS, INC.

You are notified that on December 3, 2020 a Petition was filed in the office of the Clerk of this Court naming you as a Defendant in this action. A copy of the Petition (and any documents filed with it) is attached to this Notice. The attorneys for the Plaintiff are Jacqueline F. Tabke and Brian D. Nolan, Nolan, Olson & Stryker, P.C., LLO, 444 Regency Parkway Dr., Suite 109, Omaha, Nebraska 68114. That attorney's telephone number is (402) 932-5126; facsimile number is (402) 932-5219.

You must serve a motion or answer within 20 days after service of this Original Notice upon you and, within a reasonable time thereafter, file your motion or answer with the Clerk of Court for Mills County, at the County Courthouse in Glenwood, Iowa. If you do not, judgment by default may be rendered against you for the relief demanded in the Petition.

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at (712) 328-5883. (If you are hearing impaired, call Relay Iowa TTY at 1-800-735-2942).


EXHIBIT A

DATED: December \_\_\_\_\_, 2020.

                                                                   _____
                                                                   CLERK OF COURT (Designee)
                                                                   Mills County, Iowa
                                                                   418 E. Sharp St., #5,
                                                                   Glenwood, Iowa 51534

**IMPORTANT**
**YOU ARE ADVISED TO SEEK LEGAL ADVICE AT ONCE TO PROTECT YOUR INTERESTS.**

E-FILED 2020 DEC 04 10:10 AM MILLS - CLERK OF DISTRICT COURT

## STATE OF IOWA JUDICIARY

Case No. LACV027174
County Mills

Case Title  JOHN & JIM, INC., ET AL. V INSURANCE AUTO AUCTIONS

**THIS CASE HAS BEEN FILED IN A COUNTY THAT USES ELECTRONIC FILING.**
Therefore, unless the attached Petition and Original Notice contains a hearing date for your appearance, or unless you obtain an exemption from the court, you must file your Appearance and Answer electronically.

You must register through the Iowa Judicial Branch website at http://www.iowacourts.state.ia.us/Efile and obtain a log in and password for the purposes of filing and viewing documents on your case and of receiving service and notices from the court.

**FOR GENERAL RULES AND INFORMATION ON ELECTRONIC FILING, REFER TO THE IOWA COURT RULES CHAPTER 16 PERTAINING TO THE USE OF THE ELECTRONIC DOCUMENT MANAGEMENT SYSTEM:**
http://www.iowacourts.state.ia.us/Efile

**FOR COURT RULES ON PROTECTION OF PERSONAL PRIVACY IN COURT FILINGS, REFER TO DIVISION VI OF IOWA COURT RULES CHAPTER 16:** http://www.iowacourts.state.ia.us/Efile

Scheduled Hearing:

If you require the assistance of auxiliary aids or services to participate in court because of a disability, immediately call your district ADA coordinator at **(712) 328-5883**  . (If you are hearing impaired, call Relay Iowa TTY at **1-800-735-2942**.)

Date Issued  12/04/2020 10:10:55 AM



District Clerk of Mills        County
/s/ Stacy Salyers

E-FILED  2020 DEC 03 4:11 PM MILLS - CLERK OF DISTRICT COURT

IN THE IOWA DISTRICT COURT FOR MILLS COUNTY

| | | |
|---|---|---|
| JOHN & JIM, INC. and MID-AM RACING CORP., | ) | NO. _____ |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | PETITION |
| | ) | |
| INSURANCE AUTO AUCTIONS CORP. Also known as INSURANCE AUTO AUCTIONS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

COMES NOW the Plaintiffs, John & Jim, Inc. and Mid-Am Racing Corp. (hereinafter the "Plaintiffs"), by and through their attorneys Nolan Olson & Stryker, P.C., L.L.O., and for their claims against Defendant Insurance Auto Auctions Corp. also known as Insurance Auto Auctions, Inc. (hereinafter "Defendant"), hereby states as follows:

**GENERAL AVERMENTS**

1. Plaintiff John & Jim, Inc. is a domestic corporation incorporated in the State of Iowa with its principal place of business in Council Bluffs, Iowa.

2. Plaintiff Mid-Am Racing Corp. is a domestic corporation incorporated in the State of Iowa with its principal place of business in Pacific Junction, Iowa.

3. Plaintiff John & Jim Inc. leases certain portions of that property known as 19340 Jesup Avenue, Pacific Junction, Mills County, Iowa (hereinafter the "Property"), including but not limited to the racetrack improvements and related concession stand and parking lot, to Plaintiff Mid-Am Racing Corp.

4. Defendant is a foreign corporation doing business in the State of Delaware and registered as a foreign for-profit corporation in the State of Iowa. Upon information and belief,

Defendant's primary office is located at Two Westbrook Corporate Center, Suite 500, Westchester, IL 60154. Its Registered Agent for the State of Iowa is Corporation Service Company, 505 5th Avenue, Suite 729, Des Moines, Iowa 50309.

5. Jurisdiction is conferred upon this Court pursuant to Iowa Code §602.6101.

6. Venue is conferred upon this Court pursuant to Iowa Code §616.2 and the amount of the controversy exceeds $10,000.00.

7. On or about September 17, 2019, Plaintiffs, by and through their co-owner and authorized representative, John Fitch, entered into an agreement with Defendant wherein Plaintiffs agreed to temporarily license the use of a vacant portion of the Property to Defendant for the purpose of providing automotive and specialty salvage services. A copy of a diagram identifying the fifteen (15) acres licensed to Defendant is attached as Exhibit A.

8. That pursuant to the license agreement Plaintiffs and their Agents provided Defendant with ingress and egress to the Property.

9. That after the license agreement was executed, Defendant began bringing salvaged vehicles and other such personal property to the Property for storage pursuant to the terms of the license agreement.

10. That after taking possession of the licensed portion of the Property, Defendant advised that the ground was too wet for its purposes and requested that it be temporarily permitted to use an adjacent piece of vacant land on the Property, to which Plaintiffs agreed.

11. That thereafter, Defendant began to occupy and use portions of the Property outside the boundaries of the areas authorized and agreed to by Plaintiffs.

12. That this breach of contract by Defendant resulted in trespass by Defendant onto portions of the Property for which it was not licensed to use.

13. The trespass on the Property by Defendant was continuous on the following areas of the Property:

    a. The racetrack, drag strip pit area and surrounding area

    b. The parking lot and surrounding area

    c. The sidewalks around the concession stand and surrounding area

    d. The area between the parking lot and the lake and surrounding area

14. That Plaintiffs and its agents repeatedly demanded that Defendant cease its unauthorized occupation of the Property.

15. That at no time during the term of the license did Plaintiffs give Defendant, its agents or employees consent to access the racetrack, drag strip pit area, parking lot, sidewalks, concession stand, the area between the parking lot and/or the area around the lake, or the surrounding areas, including but not limited to the additional areas which include the fencing around the lake and the electrical systems near the parking lot.

16. That the breach of contract and trespass on the Property by Defendant resulted in damages to the Property and the improvements thereon, as well as lost revenue, lost business opportunities, and lost rental income.

**FIRST THEORY OF RECOVERY – BREACH OF CONTRACT**

17. Plaintiffs incorporate Paragraphs 1 through 16 of Plaintiffs' Petition as if fully set forth herein.

18. On or about September 17, 2019, Plaintiffs, by and through its co-owner and authorized representative, John Fitch, entered into an agreement with Defendant wherein Plaintiffs agreed to temporarily license the use of a vacant portion of the Property owned and leased by Plaintiffs, as set forth in the license agreement attached as Exhibit A.

3

19. Pursuant to the contract, Plaintiffs licensed the use of fifteen (15) acres of the Property to Defendant

20. That pursuant to the contract, the fifteen (15) acres of the Property licensed to Defendant was made available to Defendant for the term of the license agreement.

21. That Plaintiffs performed all required terms and conditions of the contract.

22. That Defendant breached its contract with Plaintiffs by occupying portions of the Property which were not subject to the license or any agreement between the parties.

23. That Defendant breached its contract with Plaintiffs by failing to repair damages it caused to the Property.

24. That as a result of Defendant's breach of contract, unauthorized occupation of and trespass upon portions of the Property to which it did not have a license, Plaintiffs suffered damages as follows:

   a. Damage to Plaintiffs' Property, including the following areas, in an amount to be proven at trial:

      i. Damage to Plaintiffs' racetrack, drag strip racing pit area and surrounding area;

      ii. Damage to Plaintiffs' parking lot and surrounding area;

      iii. Damage to Plaintiffs' Property, including sidewalks around the concession stand;

      iv. Damage to Plaintiffs' Property, including the area between the parking lot and the lake;

      v. Damage to Plaintiffs' Property, including the fencing surrounding the lake;

      vi.    Damage to Plaintiffs' Property, including the electrical systems next to parking lot;

b.    Lost business income, in an amount to be proven at trial;

c.    Lost business opportunities, in an amount to be proven at trial.

d.    Lost rental income, in an amount to be proven at trial.

## SECOND THEORY OF RECOVERY – TRESPASS

25.    Plaintiffs incorporate Paragraphs 1 through 24, including all subparts, of Plaintiffs' Petition as if fully set forth herein.

26.    Defendant committed trespass when they entered and occupied areas of the Plaintiffs' Property to which Defendant had no legal right to enter upon.

27.    Defendant did not have permission, express or implied, to enter or occupy areas of the Property which were not subject to the executed license agreement or other agreement between the parties, including but not limited to the following areas:

a.    The racetrack, drag strip pit area and surrounding area on Plaintiffs' Property;

b.    The parking lot and surrounding area on Plaintiffs' Property;

c.    The sidewalks around the concession stand on Plaintiffs' Property;

d.    The area of Plaintiffs' Property between the parking lot and the lake;

e.    The area of the Plaintiffs' Property which includes the fencing surrounding the lake;

f.    The area of Plaintiffs' Property next to the parking lot which includes the electrical systems.

28. That the Plaintiffs and/or their employees, on one or more occasion, advised Defendant and its employees and representatives that it had no legal right or permission to occupy the areas described in Paragraph 27 above.

29. As a result of the trespass by Defendant, Plaintiffs incurred the following damages:

 a. Damage to Plaintiffs' Property, including the following areas, in an amount to be proven at trial:

  i. Damage to Plaintiffs' racetrack, drag strip pit area and surrounding area;

  ii. Damage to Plaintiffs' parking lot and surrounding area;

  iii. Damage to Plaintiffs' Property, including sidewalks around the concession stand;

  iv. Damage to Plaintiffs' Property, including the area between the parking lot and the lake;

  v. Damage to Plaintiffs' Property, including the fencing surrounding the lake;

  vi. Damage to Plaintiffs' Property, including the electrical systems next to parking lot;

 b. Lost business income, in an amount to be proven at trial;

 c. Lost business opportunities, in an amount to be proven at trial.

 d. Lost rental income, in an amount to be proven at trial.

**THIRD THEORY OF RECOVERY – CONSPIRACY TO COMMIT TRESPASS**

30. Plaintiffs incorporate Paragraphs 1 through 29, including all subparts, of Plaintiffs' Petition as if fully set forth herein.

31. That Defendant knew or should have known of the areas which were licensed for its use by Plaintiffs.

32. That Defendant occupied and used portions of the Property to which it knew or should have known it did not have legal rights.

33. That on multiple occasions Plaintiffs, their authorized representatives, and their employees told Defendant that it was trespassing on Plaintiffs' Property.

34. That Defendant and its employees, conspired to continue trespassing on the Property.

35. That Defendant and its employees removed multiple barriers put in place by Plaintiffs and their authorized representatives in an effort to continue trespassing on the Property.

36. That as a result of the conspiracy to trespass by Defendant and its employees, Plaintiffs incurred the following damages:

    a. Damage to Plaintiffs' Property, including the following areas, in an amount to be proven at trial:

        i. Damage to Plaintiffs' racetrack, drag strip pit area and surrounding area;

        ii. Damage to Plaintiffs' parking lot and surrounding area;

        iii. Damage to Plaintiffs' Property, including sidewalks around the concession stand;

        iv. Damage to Plaintiffs' Property, including the area between the parking lot and the lake;

   v. Damage to Plaintiffs' Property, including the fencing surrounding the lake;

   vi. Damage to Plaintiffs' Property, including the electrical systems next to parking lot;

 b. Lost business income, in an amount to be proven at trial;

 c. Lost business opportunities, in an amount to be proven at trial;

 d. Lost rental income, in an amount to be proven at trial.

## FOURTH THEORY OF RECOVERY – PUNITIVE DAMAGES

37. Plaintiffs incorporate Paragraphs 1 through 36, including all subparts, of Plaintiffs' Petition as if fully set forth herein.

38. That Defendant did intentionally and wrongfully trespass and use areas of Plaintiffs' Property which Defendant was not licensed to use.

39. That Defendant's wrongful conduct continued with willful and reckless disregard for Plaintiffs' rights.

40. That Defendant maliciously occupied areas of the Property to which it knew that it had no legal right.

41. That Defendant intentionally committed the wrongful act of trespass without just cause or excuse.

42. That Defendant continued in its occupation of Plaintiffs' Property to which it had no legal right with no care or regard for the consequences of its actions.

43. That Defendant's wonton disregard for Plaintiffs' Property rights was persistent,

44. That Defendant persisted in its impermissible occupation of the Property despite repeated protests and complaints of its harmful consequences by Plaintiffs.

45. That as a result of Defendant's actions, Plaintiffs' Property is no longer usable.

46. That as a result of Defendant's actions, Plaintiffs are entitled to punitive damages in an amount to be determined at trial.

## PRAYER

WHEREFORE, Plaintiffs John & Jim, Inc. and Mid-Am Racing Corp., pray for judgment in their favor and against Defendant for special, general, and punitive damages in an amount to be proven at trial, pre-judgment interest, post-judgment interest, fees, costs, reasonable attorney's fees, and other further relief as the Court may deem appropriate.

## DEMAND FOR A JURY TRIAL

Plaintiffs demands trial by jury on all issues so triable.

JOHN & JIM, INC. and MID-AM RACING CORP., Plaintiffs,

By: *Jacqueline F. Tabke*
For: Nolan, Olson & Stryker, P.C., L.L.O.
144 Regency Parkway Dr., Suite 109
Omaha, Nebraska 68114
(402) 932-5126
Jacqueline F. Tabke, #AT0013009
Brian D. Nolan, #AT0005738
jtabke@nolanolson.com
bnolan@nolanolson.com

## EXHIBIT "A"

## LICENSED PREMISES





US POSTAGE $07.80 First-Class
Mailed From 68114
12/14/2020
032A 0061813840

CERTIFIED MAIL™

7012 2210 0001 5017 9499

Nolan, Olson & Stryker, P.C., L.L.O.
444 Regency Parkway Drive, Suite 109
Omaha, NE 68114

**Insurance Auto Auctions Corp. a/k/a
Insurance Auto Auctions, Inc.
c/o Corporation Service Company, R.A.
505 5th Ave., Suite 729
Des Moines, IA 50309**

E-FILED          LACV027174 - 2020 DEC 04 10:36 AM          MILLS
                 CLERK OF DISTRICT COURT                   Page 1 of 2

CA4013

State of Iowa, District Court MILLS County

| | |
|---|---|
| MID AM RACING CORP<br>JOHN & JIM, INC<br><br>   Plaintiff / Petitioner<br>vs.<br>INSURANCE AUTO AUCTIONS CORP<br>   Defendant / Respondent | CASE NO. 04651 LACV027174<br><br>ORDER FOR INDIVIDUAL CASE ASSIGNMENT |

IT IS ORDERED:

Judge Kathleen A. Kilnoski is designated as the Judge to preside over all future proceedings in this case.

If there are pending matters that should be determined before the trial/hearing, counsel shall promptly bring those matters to the attention of the presiding Judge.

/s/ Lori Johannes, Judicial Specialist
712-328-4714

Copies to:

BRIAN D NOLAN
JACQUELINE FOX TABKE

E-FILED                    LACV027174 - 2020 DEC 04 10:36 AM          MILLS
                           CLERK OF DISTRICT COURT                    Page 2 of 2



State of Iowa Courts

**Case Number**  **Case Title**
LACV027174      JOHN & JIM, INC., ET AL. V INSURANCE AUTO AUCTIONS
**Type:**       OTHER ORDER

So Ordered

Lori Johannes, Case Coordinator,
Fourth Judicial District of Iowa

Electronically signed on 2020-12-04 10:36:17